OPINION OF THE COURT
Joseph Jiudice, J.
The defendant in this dental malpractice action moves for *619 compulsory security for costs on the basis that the plaintiffs are nonresidents. The motion is made pursuant to CPLR 8501 (a). It is undisputed that these plaintiffs are, in fact, nonresidents of New York State. The principal thrust of the motion is that security should be sufficient to cover a potential award of costs and attorney’s fees under CPLR 8303-a.
Specifically, CPLR 8503 prescribes an undertaking in the amount of $250; however, this section allows a court discretion to fix a greater amount to insure "that the plaintiff shall pay all legal costs awarded to the defendant”.
In 1985, the Legislature enacted CPLR 8303-a which specifically required that, upon a finding of frivolity in a dental or medical malpractice case, the court must award costs and reasonable attorney’s fees not to exceed $10,000.
The court recognizes that CPLR 8501 (a) does not specifically refer to this new legislation. Recognizing that the purpose of the medical malpractice reform legislation, as aforesaid, was to deter the initiation of frivolous suits, the court is of the opinion that CPLR 8501 (a) and 8303-a must necessarily be read together so as to carry out the legislative intent of requiring the posting of adequate security in those instances where a potentially frivolous claim is shown.
The court realizes that it is too early in this lawsuit to determine whether the plaintiff’s claim is a frivolous one; however, it would be unfair to any defendant to allow nonresident plaintiff to commence what may eventually be determined to be a frivolous malpractice case without including in the mandatory provision of CPLR 8501 (a) the costs and reasonable attorney’s fees provided for in CPLR 8303-a.
The court believes this is a case of first impression; however, CPLR 8501 (a), 8503, and 8303-a must necessarily be read together in order to effect the stated legislative intent.
Accordingly, the defendant’s motion for security for costs is granted and the plaintiffs shall post an undertaking in the amount of $5,000 to cover any potential award for costs and attorney’s fees to this defendant.